Arthur E. OELAND, Administrator of the Estate of Edward L. Boedeker, deceased, Appellant, (Plaintiff below),

v.

NEUMAN TRANSIT COMPANY and Kenneth Boyer, Appellees, (Defendants below).

Arthur E. OELAND, Administrator of the Estate of Bernard Fuller, deceased, Appellant, (Plaintiff below),

v.

NEUMAN TRANSIT COMPANY and Kenneth Boyer, Appellees, (Defendants below).

Nos. 2977, 2978.

Supreme Court of Wyoming.

Jan. 16, 1962.

Robert R. Rose, Jr., Casper, for appellant.

Edward E. Murane, of Murane, Bostwick & McDaniel, Casper, for appellees.

Before BLUME, C. J., and PARKER, HARNSBERGER, and McINTYRE, JJ.

PER CURIAM.

In petitioning for rehearing appellees challenge the accuracy of statements appearing in our original opinion giving summary of testimony by the only surviving eyewitness of the accident.

Under such circumstances we meticulously reexamined the criticized statements of the opinion and carefully compared them with the witness' testimony as it appears in the record. By doing so we not only find the summarized statements in the opinion to be completely accurate and justified, but that the testimonies relied upon were not taken out of the context of the line of examination in which they were given nor were they assumptions unauthorized by statements of the witness.

Complaint is also made that the province of the jury has been invaded as to the credibility of the surviving witness and the rule requiring acceptance of the testimony most favorable to the prevailing party has been violated. Both these matters were considered in the opinion and held to be subject to an exception where the testimony was contrary to physical facts.

The final contention of the rehearing petition is that the alleged error of giving an instruction was considered where no objections were made or dictated into the record prior to reading the instructions to the jury contrary to Rule 51, Wyoming Rules of Civil Procedure, which in part provides:

"* * * All instructions given by the court shall be in writing, numbered and signed by the judge and then submitted to the parties, who may make objections thereto before they are given to the jury stating distinctly the grounds of objection. Only the grounds so specified shall be entitled to consideration on motion for a new trial or on appeal. * * *"

This provision was intended to insure that the trial judge was informed of the nature and grounds of the objection offered so as to more properly rule upon the same. Where, as is true in this case, the record shows a motion was made to allow an oral objection made to the instruction prior to its submission to the jury and the court by its order allowed the objection to the questioned instruction, it

seems obvious that the trial court deemed itself sufficiently advised of the nature and grounds of the objection. Where the spirit of the rule has been observed, its letter may be waived.

The petition for rehearing is denied.

Denied.