Leona MacMANUS, Appellant
(Plaintiff below),

v.

GETTER TRUCKING COMPANY, Inc., a corporation, Appellee (Defendant below).

No. 3129.

Supreme Court of Wyoming.

Sept. 3, 1963.

William H. Brown, of Brown, Healy, Drew, Apostolos & Barton, and Donald E. Chapin, Casper, for appellant.

Murane, Bostwick & McDaniel, Casper, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

Mr. Justice HARNSBERGER delivered the opinion of the court.

At the time of the accident giving rise to this litigation, the vehicle in which plaintiff was riding was traveling in a westerly direction on the highway during hours of darkness. Defendant-Company's truck-trailer combination, after stopping five feet north thereof, pulled onto the highway in a left-hand turn to proceed in an easterly direction. The truck had crossed the center line and was substantially parallel thereto with the trailer still extending diagonally across the westbound traffic lane, with its rear end only approximately three and one-half feet from the north edge of the highway's oiled surface, when the trailer was struck on its right side by a pickup vehicle driven by a Mr. Grieve. The truck driver immediately stopped his equipment, jumped from the left side of the cab, and quickly went to the rear of the trailer behind which he was forced to jump to avoid being struck by a car driven by a Mr. Raab, approaching from the east, the Raab car striking the left-rear outside wheel of the trailer's left-rear tandem. Following this second collision, a car coming from the east, in which plaintiff was a passenger, and being driven by a Mr. Evans, also struck the trailer, colliding with the left-front outside wheel of the trailer's left-rear tandem, the latter collision inflicting injury upon plaintiff for which she sought recovery from both the trucking company and Evans. The case was tried to a jury which returned verdict for the defendant trucking company, and plaintiff appeals.

■ Although plaintiff takes exception to the admission of certain testimony because of its being hearsay, the criticized testimony is considered as inconsequential and unimportant. Other contentions, respecting alleged improprieties of certain instructions given, are without merit except with respect to an instruction numbered 11 in which appears, "If you find that her negligence did contribute *in any degree* as a proximate cause," et cetera (Emphasis supplied.). In Oeland v. Neuman Transit Company, Wyo., 365 P.2d 806, 811, rehearing denied Wyo., 367 P.2d 967, it was pointed out the use of the words, "in any degree," was argumentative and tended to unduly stress the importance of that to which it referred. This error, however, is of itself not sufficiently prejudicial to warrant a reversal.

Of greater importance is plaintiff's complaint that her offered instruction lettered "A" was refused. This instruction was a verbatim statement of § 31–121, W.S.1957, reading, "The driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right-of-way to all vehicles approaching on said highway." The court, in refusing the instruction, said it was not appropriate "because the evidence does not suggest that both parties were so close to the intersection as to invoke the application of the statute, and without further explanatory language, the instruction might be misleading to the Jury."

■ At least one purpose of a court's instructions is to bring to a jury's attention laws which could affect circumstances shown by the evidence, and, when considered with the evidence, should assist the jury in reaching a just determination of issues involved.

■ A crucial element in the case was whether the truck yielded or should have yielded the right-of-way to approaching vehicles. Had the truck entered the highway so as to interfere with the passage of either the Evans or the Grieve car, the statute was violated. Any vehicle approaching at a speed and within a distance which would have warned a reasonable person that its travel could be endangered or interfered with by the entrance of the truck-trailer upon the highway would be a circumstance directly related to the violation of the statute.

■ Under the circumstances present, the fact that the truck-trailer was struck by the Grieve vehicle before it had completed an entrance to the highway constituted evidence tending to show that it had failed to yield the right-of-way. Should the jury, under proper instruction, have concluded the truck driver did so fail to yield the right-of-way to Grieve, the jury then might properly have considered whether such failure was a proximate cause of plaintiff's injury as having set in motion a chain of circumstances leading to that injury without there being any new, independent, or intervening cause. See generally 65 C.J.S. Negligence § 107, p. 659, nn. 90, 91. The mentioned statute was therefore relevant and the court should have instructed the jury concerning it.

Moreover, aside from the failure to yield the right-of-way to Grieve, there was substantial evidence indicating a failure of the truck driver to yield the right-of-way to both the Raab car and the Evans car.

The evidence affirmatively showed there was no reason why the truck-trailer could not have been moved immediately after the Grieve collision. If it had been moved, the truck-trailer would not have blocked the westbound traffic, and possibly the collision of the Evans car would have been averted. Additionally, the evidence showed the truck traveled between 20 to 30 feet (actually five feet to enter the oiled surface, 15½ feet across to the center line, and three to four feet beyond the center line) before its trailer was struck by Grieve. Within another "five or six seconds" or "something like" five seconds, according to the truck driver, the trailer was hit by Raab and "it wasn't over two seconds" more before it was struck by Evans. The only evidence offered as to the speed of Evans was his testimony that he was driving between 40 and 45 miles per hour. The driver of the truck said he entered the highway at a speed of about three or four miles per hour. If these estimates of distance, time, and speed were accepted and the jury had no other evidence to rely upon, a conclu-

sion might have been drawn through any possible mathematical calculation that both the Raab and Evans cars were well within the one mile which the truck driver said he could see to the east. Although he said he did not see either of these cars, they were there within his range of vision to see. See Merback v. Blanchard, 56 Wyo. 286, 293, 109 P.2d 49, 52; Holstedt v. Neighbors, Wyo., 377 P.2d 181, 183.

This evidence presented a definite conflict with the truck driver's statement that he looked to the east, but saw no vehicle approaching within one mile.

The record is silent as to the speed of the Grieve car, but it is undisputable that the truck did not give it the right-of-way, even though the truck driver said he saw headlights of a vehicle approaching from the west, which testimony, with other evidence and coupled with the fact of its collision with the truck, gave fair inference that the lights the truck driver saw were headlights of the Grieve car.

If it is the law that a vehicle entering a highway may do so regardless of traffic approaching from either direction and irrespective of the collision hazard entailed, the jury was entitled to weigh conflicting evidence and conclude as it did. But when the law of the State places the burden on the driver of such an entering vehicle to give right-of-way to approaching traffic, a jury's determination without considering that law deprives a person seeking redress for injuries received in a collision with the entering vehicle of a fair trial. It is not intended to suggest what the jury should have found, had it been properly instructed, but only what it could have found. If the jury's conclusion should be that the law was violated in failing to give right-of-way to Grieve, and that violation set in motion a chain of events climaxing in plaintiff's injury within seven seconds, it was for the jury to decide whether the violation of law was or was not a proximate cause of the accident.

■ In consequence, the circumstances depicted by the evidence made cogent the

instruction which appellant contends should have been given in order that the jury might arrive at a just and fair verdict. Whether the verdict of the jury would have been the same had they been properly instructed as to the law relating to a vehicle's entrance upon a highway is unknown. The error lies in the withholding of an instruction pertinent to the issues involved. If the court was correct in deeming it necessary to amplify or further instruct the jury, that was its privilege. But to leave the jury in ignorance of the law respecting entry upon a highway under the circumstances of this case deprived plaintiff of a fair trial.

The verdict and judgment must be reversed and the case remanded for a new trial.

Reversed and remanded.