E. Patricia MARVEL, Administratrix of the Estate of John M. Marvel, deceased, Appellant (John M. Marvel, plaintiff below),

v.

NEUMAN TRANSIT CO., Inc., Appellee (Defendant below).

No. 3474.

Supreme Court of Wyoming.

May 10, 1966.

Hickey, Rooney & Walton, Cheyenne, for appellant.

Edward E. Murane, of Murane, Bostwick, McDaniel & Scott, Casper, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

PER CURIAM.

Marvel, a survivor of the motor vehicle collision considered in Oeland v. Neuman Transit Company, Wyo., 365 P.2d 806, 367 P.2d 967, filed a complaint on June 23, 1962, for personal injuries. Answer, denying generally and asserting affirmative defenses, was filed July 11, 1962. The record shows no occurrence thereafter until December 16, 1963, when the defendant moved for dismissal on the ground that Marvel had died on December 3, 1963, and the cause of action was one for personal injury, which did not survive death. This motion was not heard until January 19, 1965, with order thereon filed August 23, 1965, stating that upon the hearing defendant had agreed the reason for its motion was insufficient but orally moved for dismissal of the action on the ground that

there had been no request for substitution of parties, which oral motion was granted, and the cause was dismissed with prejudice. The administratrix of plaintiff's estate appealed from the order, urging that failure to take a procedural step should not preclude a hearing on the merits, or stated another way, the time for making a motion for substitution did not begin to run until the court made an order determinative of the question of whether or not the action did survive. This court thereafter, for purposes of the appeal, entered an order of substitution.

■ The appeal presents the point that in the instant situation Rule 25(a) (1), W. R.C.P.,[1] providing mandatorily for dismissal as to a deceased party if substitution is not made within the required time, is used as a means of entrapment and that under the philosophy of Rule 1, W.R.C.P., permitting just, speedy, and inexpensive determination of every action, the order of dismissal was improper. Appellant further urges that Rule 25(a) has by certain courts and legal writers been criticized as being harsh. However, no authority is presented to show that dismissal thereunder is not mandatory, and the argued harshness of the rule does not deal with situations similar to the one at bar.

■ Allusion is also made to Rule 6(b), W.R.C.P., which permits the court for cause in its discretion to enlarge the time in which any act is required, but that rule would be inapplicable since request was not made for extension before the period of expiration, and there was no showing that failure to act was the result of excusable neglect.

No authority is cited as warranting a delay in filing a motion for substitution of parties where the survival of the cause of action is challenged, and there would seem to be no reason for such a holding since a substitution of parties is consonant with and essential to a prosecution if the cause survives.

■ There having been no order of substitution within one year after the death of plaintiff, the appeal must fail. Moreover, the appeal in this case was improper since the notice of appeal was given by the administratrix when she was not a party to the action.

Affirmed.

1. The original Rule 25(a) (1), and not the amendment effective October 12, 1964, would appear to be here pertinent, but under the circumstances existing in this case such matter is immaterial.