Marjorie F. JACKSON, as Administratrix of the Estate of James E. Jackson, Deceased, Appellant (Plaintiff below),

v.

GELCO LEASING COMPANY, Appellee (Defendant below).

No. 3937.

Supreme Court of Wyoming.

Sept. 30, 1971.

---

Ernest Wilkerson, and J. F. Mahoney, Casper, for appellant.

Edward E. Murane, of Murane, Bostwick, McDaniel, Scott & Greenlee, Casper, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN, and GRAY, JJ.

Mr. Justice McEWAN delivered the opinion of the court.

This is an appeal from a jury verdict in favor of the defendant-appellee. The point specifically enumerated by appellant upon which she relies for reversal relates to an instruction given by the trial court.

This was a negligence action filed by Marjorie F. Jackson as administratrix of the estate of James E. Jackson, deceased. Her intestate was driving a truck easterly on U. S. Highway 26 near Orin Junction, Wyoming. A truck towing a cement storage tank owned by appellee approached from the opposite direction. As the two vehicles approached each other the left wheel of the undercarriage supporting the cement storage tank became detached from the axle of the cement storage tank. It rolled toward and then struck the intestate's vehicle causing him to lose control of his vehicle. The intestate died from injuries received in the ensuing wreck.

Gelco Leasing Company, the owner of the cement storage tank, was the sole remaining defendant at the time the matter went to trial. Settlement was had with two other defendants and dismissal was had as to them. One of these defendants was towing the cement storage tank, while the other

defendant owned the truck being driven by the intestate.

Plaintiff alleged that the death of her intestate was proximately caused by the negligence in six specific particulars which she contended were separate and distinct from each other. Appellee denied the appellant's allegations of negligence and affirmatively alleged negligence, unavoidable accident, latent defect, and bailee relationship.

At the close of the evidence and after both parties rested, the court recessed and an instruction conference was held. The conference began at 8:30 a. m. on Friday, April 24, 1970, and continued until after 1:30 p. m. on that same day. The jury had returned at 1:30, and the trial court advised the parties that they should record their objections by dictating them to the court reporter after the jury retired. The jury retired at about 4 p. m. on Friday and reached its verdict that night. Appellee apparently dictated its objections to the reporter shortly after the jury retired, but appellant did not. Appellant did, however, on April 28th, file a "written statement of objections made in instruction conference." On May 1, 1970, appellee filed a motion requesting that appellant's written objections be stricken from the record.

Attached to appellee's motion was an affidavit of appellee's attorney in which it was stated that following the argument to the jury and after the attorneys had left the courtroom, he advised appellant's attorney that he was then going to dictate his objections to the court reporter and that appellant's attorney stated he had no objections, did not intend to file any, and made no objection at the time. No reply was made by appellant to the affidavit of appellee's counsel.

On May 5, 1970, appellant filed a motion for a new trial. The two motions were heard on July 2, 1970, and continued until July 20, 1970, at which time the trial court denied appellant's motion for new trial and granted appellee's motion to strike the said

written objections. Whereupon, appellant filed her notice of appeal.

Appellant in her brief stated the issues on appeal to be:

"*First*, was instruction No. 14 a proper statement of the law as it applied to the facts in this case and was the giving of instruction No. 14 as alleged by the plaintiff-appellant, prejudicial to the plaintiff's rights and misleading to the jury in that it narrowed plaintiff's case to a single allegation of negligence— i. e. failure to inspect.

"*Second*, assuming that the answer to the first inquiry is yes, and that the Court determines that in fact the given instruction No. 14 was erroneous and prejudicial to the plaintiff, did the plaintiff waive her right to object to instruction No. 14 by virtue of the alleged failure to reduce objections made during the jury conference to instruction No. 14 to writing following the retirement of the jury and until approximately 72 hours later."

■ We think we must first determine if the trial court was correct in granting appellee's motion to strike appellant's written objections. Rule 51, W.R.C.P., in part provides:

" * * * Before the argument of the case to the jury is begun, the court shall give to the jury such instructions on the law as may be necessary and same shall be in writing, numbered and signed by the judge, and shall be taken by the jury when it retires. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. * * * "

While Rule 51 requires that objections must be made before instructions are given to the jury, we have previously held that the trial court has some discretion in permitting the objections to be later dictated into the record where such objections were

made prior to the instructions being read to the jury. Oelland v. Neuman Transit Company, Wyo., 365 P.2d 806, reh. den. 367 P. 2d 967, 968. As we said in the Oeland v. Neuman case, this particular provision of Rule 51 was intended to insure that the trial judge was informed of the nature and grounds of the objection offered so as to more properly rule upon the same. Where the trial court permits the later recording of objections it must necessarily satisfy itself that the objections later preserved in the record were the same as those objections made at the time the proposed instruction was being discussed or prior to the retirement of the jury.

We think that under Rule 51, W.R.C.P., a party has no absolute right to record his objections to instructions at a time subsequent to the time the objections were actually made. Here, where the trial court permitted with apparent acquiescence of the parties objections to be dictated to the court reporter after the jury retired, the appellant is in no position to raise the question.

At the close of argument on the motion to strike the written objections the trial court made certain remarks as to his memory of events and the usual procedures followed in that particular court:

"* * * I expressed, and perhaps you will recall, we need not record with Mr. Neill [the court reporter] the objections to instructions before going to the jury, but it was as I felt, and I supposed everyone understood, if there were to be objections, and I supposed there would be, they were to be, without delay after the retirement of the jury and before we all left the area, given to Mr. Neill in permanent form. That's all I know of my own recollection about what happened then, I departed soon after the jury. To this, Mr. Murane has submitted an affidavit as to the events between Counsel and Mr. Neill at that time. I don't hear anything to the effect that that recital by Mr. Murane is not correct. I suppose it is correct. I take it this may have

amounted to, in substance, some sort of a waiver on the part of plaintiff to have a right to put in objections in written form. * * *"

It is thus abundantly clear that the trial court did not, and probably could not under our rules and local practices without the consent of both parties, permit the appellant to file written objections 72 hours after the jury retired and after it returned its verdict. The parties were authorized by the court, with acquiescence of counsel, to record their objections to the instructions by dictating them to the court reporter, "* * * without delay after the retirement of the jury and before we all left the area, * * *." This appellant failed to do and we believe, under the circumstances, the trial court had no alternative but to grant appellee's motion to strike.

■ Appellant further argued that Rule 51 contains no provision that objections be reduced to writing. We agree that Rule 51 does not specifically provide that objections must be recorded, but if they are not we fail to see how they can be preserved and thus become part of the record for consideration on appeal.

■ Because of pressures of trial, apparently many Wyoming trial courts permit counsel to dictate their instruction objections to the court reporter immediately after the jury retires. This method is employed so that juries do not have to wait for extended periods. It seems that most trial courts employ the services of the court reporter in the final preparation of the written instructions, and, therefore, the reporter may not be in attendance during the instruction conference. It would not seem that the time element is sufficiently important to outweigh the inherent dangers in this method, and we, therefore, cannot sanction it. Where objections are not recorded at the time actually made it would appear that some question could be raised that the objections later dictated to the court reporter were materially and significantly different from those made to the trial court.

Appellant's only point on appeal was that Instruction No. 14 was erroneous and prejudicial. The objections having been properly stricken there were no objections to the instruction for us to consider. Where the record shows no ground of objection having been presented to the trial court, the propriety of the instruction may not be questioned upon appeal. O'Brien v. General Motors Acceptance Corporation, Wyo., 363 P.2d 455, 459.

The judgment of the trial court adopting the verdict of the jury is affirmed.