Ronald SCHWAGER, Appellant (Defendant below),

v.

The STATE of Wyoming, Appellee (Plaintiff below).

No. 4955.

Supreme Court of Wyoming.

Feb. 5, 1979.

Frank R. Chapman, Public Defender for Laramie County, Cheyenne, and Susan D. Mueller, Senior Law Student and Student Intern, Wyoming Defender Aid Program, Laramie, for appellant.

John J. Rooney, Acting Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., and Richard H. Honaker, Asst. Atty. Gen., Cheyenne, for appellee.

Before RAPER, C. J., McCLINTOCK, THOMAS and ROSE, JJ., and GUTHRIE, J., retired.*

McCLINTOCK, Justice.

Ronald Schwager was charged with murder in the first degree and convicted of manslaughter in the death of Frank Heinrich. He appeals that conviction claiming error of the district court in refusing to present to the jury his offered instruction on the defense of insanity as that defense defined and included irresistible impulse. We find no error and affirm the judgment.

On the evening of June 25, 1977, around 8:00 p. m., police officers responded to a call for assistance at 1000 Christine Circle, Cheyenne. Upon their arrival at that address they found the defendant, Ronald Schwager, on the roadway, waving his arms to signal to them. Their investigation discovered the body of Heinrich, dead of gunshot wounds in his right side. Schwager pleaded not guilty and not guilty by reason of insanity.

At trial conference, when the instructions were discussed, the defense offered Instruction 1A, the substance of which is noted below. Defense counsel stated to the court that the instruction was offered concerning Mr. Schwager's ability to conform his conduct to the requirements of the law. Legal basis for the instruction was claimed to be *Reilly v. State*, Wyo., 496 P.2d 899 (1972), reh. denied, Wyo., 498 P.2d 1236. Defense counsel stated that *Reilly* referred to additional cases which considered the "irresistible impulse and uncontrollable act" as the same as the M'Naghten [1] rule as adopted by Wyoming, and argued to the court that this court had suggested that modification be included in a charge to the jury. The trial court noted *Reilly*, and the cases cited, predated the law applicable and refused the request. At that point counsel objected to the refusal of the instruction by the court.[2]

It is the law in Wyoming that no error may be assigned to the giving or failure to give an instruction unless that party objects thereto before the jury retires to consider the verdict. In addition, the objecting party must specifically state the grounds for his objection. Rule 51, W.R. C.P.; *Leitel v. State*, Wyo., 579 P.2d 421

---

* At the time of oral argument Guthrie, J. was Chief Justice. He retired from the court on December 31, 1978. By order of the court, entered on January 1, 1979, he has been retained in active judicial service pursuant to § 5, Art. V, Wyoming Constitution and § 5–1–106(f), W.S.1977, and has continued to participate in the decision and opinion of the court in this case.

1. Daniel M'Naghten case, 10 Cl. & Fin. 200, 8 Eng.Rep. 718 (1843).

2. The relevant exchange between the defense and the court is set out:

"MR. CHAPMAN: . . . I have one further instruction to offer, Your Honor, concerning the concept of a person being able to conform his actions to the standard of law. It's based on the case of Wyoming—of Reilly vs. The State of—
"THE COURT: Could you give me a citation?
"MR. CHAPMAN: 496 P2d, 899; Wyoming, 1972, and it refers to two cases which consider the irresistable [sic] impulse and uncontrollable act as the same as the Wyoming McNaughton [sic] Rule. This modification has been suggested by the Supreme Court for inclusion to the charge for the jury.

(1978); *Reeder v. State*, Wyo., 515 P.2d 969 (1973); *Heberling v. State*, Wyo., 507 P.2d 1, reh. denied, cert. denied 414 U.S. 1022, 94 S.Ct. 444, 38 L.Ed.2d 313 (1973). We adhere to those rules, and require that the party make a specific legal objection to the refused instruction before error can be claimed on appeal.

■ Here, we find that the objection was sufficient. Counsel cited his legal authority and explained the purpose for his offer. He stated the theory of the instruction in terms of the defense of the case. The policy of our rules is designed to apprise and inform the trial court of the purpose of the instruction and the legal reason it is offered to allow for correction before submission to the jury. We feel that here the trial court was sufficiently informed of the specific legal reasons that the instruction was offered and the objection was proper.

We distinguish the cases cited above that declined review on this ground. In *Leitel v. State*, supra, counsel simply took "exception" to the denial. In *Reeder v. State*, supra, the defense offered an instruction on defense of habitation that this court found was unwarranted by the evidence. Objection to the denial was only that failure of the court to give the instruction was not in " 'conformity with the laws of the State of Wyoming,' " 515 P.2d at 972. *Bentley v. State*, Wyo., 502 P.2d 203 (1972) is different, as in that case counsel failed to point out to the court why a particular instruction given was improper. In *Heberling v. State,* supra, the defense objected to an accomplice instruction given on the basis that it failed to state the law, and said no more. Here, the trial court was fully informed of the legal basis and theory of the proposed instruction. Indeed, the court was aware that the authority predated the present law. Nevertheless, we hold that the trial court did not err in refusing to give the instruction offered.

The instruction offered by the defense and refused by the trial court stated:

> "THE COURT: Okay, it pre-dates the law we are working under. Interesting. Let the record reflect that I am marking this instruction as 1-A, defense, and as refused.

"You are instructed that the concept of a person not being able to conform his conduct to the requirements of the law is the same as saying that he acted with an irresistible impulse. The Prosecution must prove beyond a reasonable doubt that the defendant could conform his conduct to the standard of law and did not act with an irresistible impulse."

■ The statute that establishes and defines this defense excuses responsibility for criminal conduct if at the time of the act, *"as a result of mental illness or deficiency* he [the accused] lacked substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law." Section 7-11-304, W.S.1977 (Ch. 191, § 1, S.L. of Wyoming 1975). The defect in the proposed instruction is clear. It does not contain the necessary causative element of mental illness or mental deficiency, and no construction is possible to save the omission. Although we have found no Wyoming cases that decide this point, *Dodge v. State*, Wyo., 562 P.2d 303 (1977) is of some pertinence. We there noted with approval that the trial court instructed the jury with precision from the applicable statute on mental illness or deficiency as excluding responsibility. It is clear to us that the statute requires this result for plain words must be given plain meanings. We also agree with the trial court that *Reilly v. State*, supra, was inapplicable as it was based on the law prior to the enactment of our present statute.

The denial of the proffered instruction was proper. We note that an instruction on the defense was given which in the absence of objection was sufficient.

The judgment of the trial court is affirmed.

> "MR. CHAPMAN: Your Honor, I object to the refusal of the instruction by the Court. . . ."