**Daniel R. MORRIS, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 5619.**

Supreme Court of Wyoming.

April 28, 1982.

Sylvia Lee Hackl, Asst. Appellate Counsel, Wyoming Public Defender Program, Cheyenne (argued) and Michael H. Schilling, Appellate Counsel, Wyoming Public Defender Program, Laramie, for appellant.

Allen C. Johnson, Senior Asst. Atty. Gen. (argued), and Steven F. Freudenthal, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Criminal Division, for appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROONEY, Justice.

Appellant-defendant was found guilty by a jury of first degree sexual assault in violation of § 6-4-302, W.S.1977.[1] On appeal from the judgment and sentence, appellant contends that the trial court committed reversible error in refusing to give two of appellant's proposed instructions,[2] a resistance instruction and a cautionary instruction.

1. The applicable portion of § 6-4-302, W.S. 1977, provides:

"(a) Any actor who inflicts sexual penetration or sexual intrusion on a victim commits a sexual assault in the first degree if:

"(i) The actor causes submission of the victim through the actual application, reasonably calculated to cause submission of the victim, of physical force or forcible confinement; or

"(ii) The actor causes submission of the victim by threat of death, serious bodily injury, extreme physical pain or kidnapping to be inflicted on anyone and the victim reasonably believes that the actor has the present ability to execute these threats."

2. The proposed resistance instruction read:

"The standard of resistance in a sexual assault case is a relative one. A prosecutrix is required to do that which her age, strength, surrounding facts and all attending circumstances make it reasonable for her to do in order to manifest opposition.

"Resistance is necessary to establish lack of consent where such resistance would not be futile or where the female is not overcome by superior strength or where the female is not paralyzed by fear.

"The prosecutrix must have a reasonable ground for her apprehension or fear, and the reasonableness of that apprehension or fear rests with the jury.

"Reasonable apprehension or reasonable fear on the part of the female must be based on something of substance. The fear must be of

We affirm.

The facts of this case were previously before us in *Weddle v. State*, Wyo., 621 P.2d 231 (1980). We will not repeat them here except to note that appellant and Weddle were jointly involved in the sexual assault incident. Weddle's motion for severance and separate trial was granted.

Pursuant to Rule 8, Uniform Rules for the District Courts of the State of Wyoming, appellant presented the proposed instructions in writing prior to the commencement of the trial, and he renewed the requests at the instruction conference held near the end of the trial. At the latter time, appellant argued the proposed instruction on resistance, and a legal argument was set out on the bottom of the page containing the proposed cautionary instruction. However, appellant did not object to the refusal of the trial court to give the requested instructions.

Rule 31, W.R.Cr.P., provides in pertinent part:

"Instructions to the jury shall be given and objections thereto made at the time and in the manner provided for the giving of instructions and the making of objections thereto in the Wyoming Rules of Civil Procedure. * * * "

Rule 51, W.R.C.P., provides in pertinent part:

" * * * No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. * * * "

This requirement is designed to make the trial court aware of the nature and grounds for the objection so that possible error can be corrected at the time. *Alberts v. State*, Wyo., 642 P.2d 447 (1982); *Schwager v. State*, Wyo., 589 P.2d 1303 (1979); and *Downs v. State*, Wyo., 581 P.2d 610 (1978).

Failure to so object precludes review by us of possible error in the refusal to give the requested instructions. *Downs v. State*, supra; *North Central Gas Company v. Bloem*, Wyo., 376 P.2d 382 (1962); *Horn v. State*, Wyo., 554 P.2d 1141 (1976); and *Jackson v. Gelco Leasing Company*, Wyo., 488 P.2d 1052 (1971). Provided, however, that review of such may be had if plain error is present. *Hays v. State*, Wyo., 522 P.2d 1004 (1974).

Appellant did not argue the existence of plain error, and he did not attempt to analyze the alleged errors in the context of the elements necessary to establish plain error. Nor do we perceive the existence of plain error from that which was necessary for our review in reaching the determination here made.[3]

Affirmed.

death or severe bodily harm. Passive or tacit resistance is insufficient to constitute sexual assault. The female's resistance must be in good faith, real, active, and not feigned or pretended. The extent of resistance and the degree of force, however, vary with the peculiar circumstances of each case.
"In the absence of proof of resistance, consent is presumed. Mere general statements of the complainant [sic] that she resisted are not sufficient, but the specific act of resistance must [be] shown, the dissent and repulsion must be shown beyond a reasonable doubt.
"If the female fails to take such measure to frustrate the execution of the male's design as she is able to make and are called for under the circumstances, the inference may be drawn that she did in fact consent.
"If you should find, however, that the female yielded to overpowering force, the same is to be construed as submission and not consent."

The proposed cautionary instruction read:
"The crime with which the defendant is charged, is likely to create a strong prejudice against an accused. Thus, you should bear in mind the difficulty of defending against such a charge and consider carefully all the evidence and instructions of the Court."

3. The requested resistance instruction emphasizes "resistance" rather than "lack of consent." The latter is the element specified in § 6–4–302, W.S.1977, supra, and may exist without resistance, e.g., through fear. See *State v. Herfel*, 49 Wis.2d 513, 182 N.W.2d 232, 235 (1971) for a good analysis. A cautionary instruction is no longer required in every case. See *Lopez v. State*, Wyo., 544 P.2d 855 (1976); *Kennedy v. State*, Wyo., 470 P.2d 372 (1970), reh. denied 474 P.2d 127 (1970), cert. denied, 401 U.S. 939, 91 S.Ct. 933, 28 L.Ed.2d 218 (1971).