**Nolan Charles MUNIZ,
Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. 89–27.**

Supreme Court of Wyoming.

Nov. 27, 1989.

Robert J. Pickett of Pickett & McKinney, Rock Springs, Harley McKinney (argued), for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., and Karen A. Byrne, Sr. Asst. Atty. Gen., (argued), for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

CARDINE, Chief Justice.

Appellant Nolan Charles Muniz was convicted of attempted first degree sexual assault. He raises the following issues:

"1. Whether the trial court erred in its refusal to offer instruction as to a lesser included offense.

"2. Whether the trial court erred in denying defendant's motion for acquittal for lack of sufficient evidence; and whether there was insufficient evidence to go to the jury, or to sustain the guilty verdict."

We affirm.

## FACTS

Nolan Muniz was sitting in the Astro Bar in Rock Springs, Wyoming on November 19, 1987, when an acquaintance, Darryl Kumpula, entered the bar with his girlfriend Lisa Sheets. They sat down at the bar next to Muniz, ordered beer, and Darryl began talking to Muniz. Lisa did not join in the conversation, but when Darryl left to go to the restroom, Muniz asked her if she "wanted to get lucky." She indicated she was not interested, and when Darryl returned, he and Muniz continued their conversation. After a while, Darryl told Lisa they were going to go driving around in Muniz's pickup. They purchased a few six-packs of beer, and the three of them left the Astro Bar in Muniz's truck. In their travels, Muniz stopped at a friend's trailer, then drove to the OK Lounge where they drank beer and shot some pool, finally returning to the Astro Bar. Darryl went

inside, leaving Lisa and Muniz in his pickup.

While Darryl was inside the Astro Bar, Muniz asked Lisa if he should pull around the block to see if Darryl was coming out. She said that would not be a good idea because Darryl would be angry if he came out and the truck was gone. A moment later, he made the same suggestion, Lisa said no, but Muniz drove out of the parking lot anyway. Lisa asked where they were going, and Muniz said, "just for a ride." When Lisa realized they were driving away from the bar, she asked Muniz what he was doing. He told her to shut up and backhanded her across the mouth.

Lisa started screaming. Muniz grabbed her by the hair and tried to force her head into his crotch while telling her in slang terms to perform oral sex. She fought and struggled to get free, but Muniz hit her and told her that Darryl would never find out. Lisa then grabbed the steering wheel in an attempt to wreck the truck. Muniz slammed on the brakes, and as the truck skidded to a stop, Lisa jumped out of the truck and ran back down the road. She came to a truck that had stopped behind them and banged on the window, crying and screaming. The driver of the truck, a high school girl, let her into the truck and later testified that Lisa was hysterical and was screaming "get out of here, that guy tried to rape me." They drove to the Astro Bar, picked up Darryl, and then travelled to the police station where Lisa related what had happened. Rock Springs police officers located and arrested Muniz later that evening. At his trial, Muniz was convicted of attempted first degree sexual assault and acquitted on a charge of kidnapping. Muniz was sentenced to serve a term of not less than ten nor more than fifteen years in the Wyoming State Penitentiary.

## DISCUSSION

■ Appellant's first argument is that the trial court erred in refusing to give an instruction on simple battery as a lesser included offense of attempted first degree sexual assault. Appellant orally proposed the instruction during the instruction conference, and it was rejected by the trial court. Appellant did not object, however, to the refusal of the instruction.

Rule 31, W.R.Cr.P. provides in pertinent part:

"Instructions to the jury shall be given and objections thereto made at the time and in the manner provided for the giving of instructions and the making of objections thereto in the Wyoming Rules of Civil Procedure."

Rule 51, W.R.C.P. provides in pertinent part:

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

The reason for the requirement of stating the distinct grounds of objection is to give the trial court an opportunity to correct possible error in instructions before the jury retires. *Morris v. State*, 644 P.2d 170, 171 (Wyo.1982). When refusal of an instruction is claimed to be in error, the record must contain a clear statement sufficient to inform the trial court of the basis of the asserted error. *Evans v. State*, 655 P.2d 1214, 1218 (Wyo.1982). Failure to object precludes review by this court unless plain error is present. *Morris*, 644 P.2d at 171. Appellant does not argue the existence of plain error, and we do not perceive such in our review of the record.

■ Appellant's second contention is that there was not sufficient evidence to support his conviction. He argues that there is nothing corroborating the victim's testimony and that inconsistencies in her testimony render it insufficient. First, he identifies evidence which could have been produced to corroborate the victim's story but was not. As examples, appellant points out that the police failed to search the interior of his truck for physical evidence corroborating the victim's statement and that investigating officers failed to tape record all of the conversation when interviewing a possible witness. The failure to produce this type of evidence, he concludes, shows that the evidence that

was actually produced must be insufficient. We disagree. Our review of the sufficiency of evidence is not a quantitative comparison of what the evidence was against what the evidence might have been. We review questions of sufficiency of the evidence supporting a guilty verdict by viewing the evidence in the light most favorable to the prosecution to determine if sufficient evidence existed to allow a reasonable jury to draw inferences supporting the verdict. *Baum v. State*, 745 P.2d 877, 880 (Wyo. 1987). We have long recognized that uncorroborated testimony of a victim may sustain a conviction for sexual assault. *Story v. State*, 721 P.2d 1020, 65 A.L.R.4th 1011 (Wyo.1986); *Tway v. State*, 7 Wyo. 74, 50 P. 188 (1897); see also W.S. 6–2–311 (stating that corroboration of victim's testimony is not required).

The victim was the only witness with knowledge of what happened in the cab of the truck apart from Muniz, who did not testify. Her testimony, if believed, was sufficient to allow the jury to the draw the inferences needed to support the verdict.

■ In the second part of his argument, appellant contends that inconsistencies in her testimony render it not worthy of belief. This contention is primarily based on differences between the victim's statement to the police immediately after the incident and her testimony at trial. We were presented with a similar argument concerning inconsistencies in testimony in *Brown v. State*, 581 P.2d 189, 191 (Wyo.1978), where we said that "[w]e view this as a most splendid argument to be directed to the fact finder inasmuch as it is entirely an attack upon the credibility of the complaining witness." On appeal we do not weigh the evidence or evaluate the credibility of the witnesses, as these are duties of the jury. *Stewart v. State*, 724 P.2d 439, 443 (Wyo.1986).

Affirmed.

URBIGKIT, Justice, specially concurring.

I concur in the decision to affirm this conviction, but differ in not finding that an uncorroborated sexual assault case is presented. My historical concern with one witness uncorroborated testimony for sexual assault convictions justifies recognition of significant and persuasive evidence of guilt supporting the essentially uncontested testimony of this victim. Consequently, I discern this case to be a general sufficiency of the evidence case and not a character of proof requiring resort to any uncorroborated testimony rule. *Cf. Story v. State*, 721 P.2d 1020 (Wyo.1986); W.S. 6–2–311. *See also Brown v. State*, 581 P.2d 189 (Wyo.1978).

I would consider the combined weight of evidence presented for proof of guilt by not only the testimony of the victim, but also the circumstantial and conjunctive testimony of other witnesses, *Fitzgerald v. State*, 599 P.2d 572 (Wyo.1979), which is factually reinforced. *Varvaro v. State*, 772 S.W.2d 140 (Tex.App.1988). Corroboration included the victim's physical condition immediately after occurrence, the observation of her escape from the perpetrator's vehicle by the young driver who provided immediate assistance, the supporting testimony of her fiance as to the incidents of the evening, the evidence of immediate report to the police which permitted confirmation from that officer of believability and her mental and physical condition immediately following the assault.

I concur generally in affirmation on a sufficiency basis that substantial evidence existed to sustain the jury's decision by a review of a totality of the proof. My aversion to any rigid application of an uncorroborated victim's testimony rule need not be considered for this well-proven case. After reviewing the evidence and appropriate inference in the light most favorable to the prosecution, any rational trier of fact would have found the essential elements of the crime to have been proven beyond a reasonable doubt. That evidence was positive, convincing and provided the *In Re Winship*, 397 U.S. 358, 368, 90 S.Ct. 1068, 1075, 25 L.Ed.2d 368, 377–78 (1970) due process requirement of certainty. *Munson v. State*, 770 P.2d 1093 (Wyo.1989).