**Warren RATHBUN, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 90-3.**

Supreme Court of Wyoming.

Dec. 13, 1990.

Leonard D. Munker, State Public Defender, Gerald M. Gallivan, Director, WDAP; Christopher E. McQueen and Christopher H. Hawks, Student Interns, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Karen A. Byrne, Sr. Asst. Atty. Gen., Theodore E. Lauer, Director, Prosecution Assistance Program, Martin J. Troshynski, and Eric D. Farrar, Student Interns, for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

URBIGKIT, Chief Justice.

Warren W. Rathbun (Rathbun) appeals his conviction of sexual assault in the first degree.

We affirm.

## I. ISSUE

Rathbun claims the trial evidence was insufficient to sustain his conviction for first degree sexual assault.

## II. BACKGROUND

The rape assault complainant (A.B.) testified to the following story. Rathbun pulled up in a pickup and offered a ride as she walked along a street one night in Riverton, Wyoming. She accepted and asked that he take her to the Teton Bar. Rathbun refused to stop at the bar and continued driving until they reached a secluded area outside of Riverton. Once the pickup was stopped, he unbuttoned his pants, exposed his turgid penis, grabbed her hair, pushed her face onto his lap and forced her to perform oral sex. He had threatened to kill her so she made him think she enjoyed that activity. Later, when Rathbun's attention was captured by the headlights of an approaching car, A.B.

---

screamed, jumped from the truck, and ran into the light from the approaching car. The driver of that car took her immediately to the police station. Both the driver and the police officer testified at trial about her observed terrified state. *See Muniz v. State*, 783 P.2d 141 (Wyo.1989).

Rathbun testified to similar activities, except that he did nothing to force her and that she was the one who initiated the oral sex act after they kissed and talked in the pickup.

The jury believed A.B. and other prosecution evidence instead of Rathbun and convicted him of first degree sexual assault in violation of W.S. 6–2–302(a)(i).[1] Rathbun was ordered to make $189.76 in restitution to the victim and sentenced to imprisonment for not less than fifteen years nor more than twenty-five years.

Rathbun appeals. He claims there was insufficient evidence for the jury to convict him of first degree sexual assault.

## III. STANDARD OF REVIEW AND APPLICATION

[T]he applicable standard of review depends upon whether the determination called into question in the appellate courts falls within one of three categories: [1] "review of the sufficiency of the evidence to meet the required burden of persuasion at the trial [fact-finding] level; [2] review of the exercise of discretion; and [3] plenary review of the choice, interpretation, [construction], [or] application of the controlling legal precepts."

*ANR Production Co. v. Wyoming Oil and Gas Conservation Com'n*, 800 P.2d 492, 495 (Wyo.1990) (quoting Byer, *Judge Aldisert's Contribution to Appellate Methodology: Emphasizing and Defining Standards of Review*, 48 U.Pitt.L.Rev. xvi, xx (preceding p. 963) (1987)).

### A. Standard of Review

Our standard of review is simple and established when a determination is challenged on the basis of the sufficiency of the evidence. We examine whether the evidence most favorable to the State is sufficient to infer reasonably that a statute was violated as charged. *See Mendicoa v. State*, 771 P.2d 1240, 1243 (Wyo.1989); *Seeley v. State*, 715 P.2d 232, 240–41 (Wyo. 1986); *Chavez v. State*, 601 P.2d 166 (Wyo. 1979); and *Cheng v. Com.*, 240 Va. 26, 393 S.E.2d 599, 608 (1990). Our examination involves a two stage process.

When examining if the verdict is supported by sufficient evidence, we review the record to examine "all the evidence in the light most favorable to the [s]tate * * *." *Mendicoa*, 771 P.2d 1243. We examine the evidence from this perspective because we defer to the jury as the factfinder and assume they believed only the evidence adverse to the defendant since they found the defendant guilty beyond a reasonable doubt. We are aware the defendant's version argued for a finding of "not guilty" while the prosecutor's version argued for a finding of "guilty." Had the jury found the defendant's version credible, they would be bound to harbor reasonable doubt against the prosecutor's claim that the defendant was guilty. But they did not find the defendant's version credible and therefore found him guilty beyond a reasonable doubt. We do not ask if " 'the evidence establishes guilt beyond a reasonable doubt for us * * *,' " *Id.* at 1243 (quoting *Broom v. State*, 695 P.2d 640, 642 (Wyo.1985)), because the answer to that question would require this court to weigh the evidence and determine who was most credible. That determination simply is not a function of this court. "[W]e are not to reweigh the evidence." *Broom*, 695 P.2d at 641.

Second, after drawing into the open only the evidence adverse to the defendant, we examine whether that evidence permits the

1. W.S. 6–2–302 provides in pertinent part:
    (a) Any actor who inflicts sexual intrusion on a victim commits a sexual assault in the first degree if:

(i) the actor causes submission of the victim through the actual application, reasonably calculated to cause submission of the victim, of physical force or forcible confinement[.]

jury's inference that the defendant violated the elements of the statute as charged. Our focus is singular and only examines the *reasonableness of the inference* from premises admittedly adverse to the defendant. *See Broom,* 695 P.2d at 642.

### B. Application

Rathbun claims the evidence is not sufficient to establish a lack of consent and that failure to establish lack of consent makes his conviction improper under our holdings in *Seeley,* 715 P.2d at 240–41 and *Gonzales v. State,* 516 P.2d 592, 594 (Wyo.1973).

To support that claim, Rathbun points to A.B.'s cross-examination testimony where she indicated she made Rathbun believe she enjoyed performing oral sex on him. Rathbun also points to other cross-examination testimony during which the complainant admitted she was unable to remember when Rathbun made the threat to kill her. Rathbun then advances the proposition that "[h]er testimony to this effect hardly seems credible when examining her testimony and the evidence in its totality." Rathbun misses the point of our standard of review when a determination is challenged for the sufficiency of the evidence. Credibility and evidentiary sufficiency are impacted by her unquestioned screaming and hysterical exit from Rathbun's pickup to seek assistance from the oncoming friendly stranger as her nighttime benefactor out there in the country darkness.

" 'It is not our function to *weigh* the evidence for a determination as to whether or not it is sufficient to establish guilt beyond a reasonable doubt.' " *Mendicoa,* 771 P.2d at 1243 (quoting *Broom,* 695 P.2d at 642 and emphasis added). We assume the jury did their work and weighed the evidence before they accepted as true the evidence adverse to Rathbun.

A.B. said Rathbun took her to a location outside of Riverton against her will, dropped his pants, grabbed her by the hair, and forced her to perform oral sex upon him. All of the elements of the occurrence are admitted except his use of force. She indicated these conditions, including force, preceded her compliance. Assuming the jury believed everything to which A.B. testified and nothing to which Rathbun testified, we test the reasonableness of the inference that Rathbun inflicted sexual intrusion on the complainant by force reasonably calculated to cause submission in violation of W.S. 6–2–302(a)(i).

### IV. CONCLUSION

We hold the jury's inference is reasonable within the evidence presented which, by verdict, they determined to be credible. The sufficiency of the evidence contest fails.

We affirm the conviction and sentence.