Jorge NAVA, a/k/a Scorpion,
Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 94–256.

Supreme Court of Wyoming.

Oct. 18, 1995.

---

Sylvia L. Hackl, State Public Defender, and Deborah Cornia, Appellate Counsel, for Appellant.

William U. Hill, Attorney General, Paul S. Rehurek, Deputy Attorney General, D. Michael Pauling, Senior Assistant Attorney General, and Mark T. Moran, Assistant Attorney General, for the Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

MACY, Justice.

Appellant Jorge Nava appeals from his conviction for two counts of delivery of cocaine as proscribed by Wyo.Stat. §§ 35–7–1031(a)(i) and 35–7–1016(b)(iv) (1985).

We affirm.

## ISSUES

Appellant presents the following issues in his appeal:

I.    Did the trial court err when it refused to instruct the jury on the proper scope of hearsay testimony offered during trial?

II.    Did the trial court err when it refused the Appellant's instruction on the lesser[-]included offense of possession of a controlled substance?

## FACTS

In September 1992, a man contacted the Division of Criminal Investigation (the DCI) and reported that Appellant and two other men had visited him in an effort to locate buyers for significant quantities of cocaine. The DCI hired the man to act as a paid informant. At the direction of a DCI agent, the informant arranged to meet with Appellant and his cohorts on September 25, 1992, for the purpose of purchasing cocaine.

The DCI agents fitted the informant with a body microphone, and they gave him $700 to use to purchase a half ounce of cocaine. The informant met Appellant and the other two men at one of the other men's homes where they proceeded to a bedroom to complete the "deal." Appellant produced a bag of cocaine from the pocket of his pants, and he weighed it on the scale which the informant had furnished. When the informant questioned Appellant about the quality of the cocaine, Appellant produced another bag of cocaine and showed it to the informant. Because the first bag did not contain a sufficient amount of cocaine, Appellant retrieved a larger bag and added some cocaine from that bag to the original bag. The informant gave the $700 to one of the men and took the bag of cocaine. He left the scale at the house because Appellant wanted to use it for weighing out additional amounts of cocaine.

A second transaction was completed on October 1, 1992, in the same house. The DCI agents fitted the informant with a body microphone and gave him $1,300 in marked money so that he could purchase a full ounce of cocaine. During this transaction, Appellant gave the informant a paper cup which contained the cocaine, and the informant paid him with the marked money.

The informant gave the two packages of cocaine to the DCI agents. The DCI agents tested the substances and determined that

they were, in fact, cocaine. Appellant and one of the other men were arrested in the early morning hours of October 2, 1992. During the search of the car in which Appellant and the man were riding, the police recovered a wallet which contained the man's identification, approximately $1,400 which included $1,300 in marked money, and a small amount of cocaine. When the police questioned him, Appellant advised them that he had brought cocaine to Cheyenne from Greeley, Colorado, and that the cocaine had been sold on September 25, 1992, for $700. He also admitted that he had transported the cocaine involved in the October 1, 1992, transaction from Greeley, Colorado, to Cheyenne.

A jury convicted Appellant of two counts of delivery of cocaine. After the trial court entered a judgment on the verdict and sentenced him, Appellant perfected his appeal to this Court.

## DISCUSSION

### A. Limiting Instruction

Appellant contends that the trial court committed reversible error when it refused to give a limiting instruction to the jury on the hearsay testimony which was admitted during the trial. The State does not defend the trial court's refusal to give the limiting instruction but insists that any error which may have resulted from the trial court's refusal to give the instruction was harmless.

■ Appellant premises his contention of error upon the testimony which the State elicited from the DCI agent. During the direct examination, the prosecutor asked the DCI agent how he and the informant had prepared for the first transaction. The DCI agent began to relate what the informant had said to him, and Appellant objected, claiming that the testimony was hearsay. The prosecutor responded by saying: "I'm not sure it's offered for its truth but it's necessary background." After the trial court overruled his objection, Appellant asked that the jury be "instructed that this testimony is not being offered for whether it's truthful or not but for some other—." The trial court interrupted Appellant's request and stated: "When

it's time to instruct the jury they'll be so instructed." The DCI agent continued to testify, and he recounted statements which the informant had made to him. The trial court did not give a limiting instruction to the jury at any time.

■ Since the jury was not instructed about the limited admissibility of the testimony, the jury could certainly have assumed that the DCI agent's testimony about what the informant had said to him was presented to establish the truth of the informant's statements instead of to merely provide background information for the remainder of the DCI agent's testimony. The DCI agent's testimony in which he related the informant's statements was clearly hearsay. W.R.E. 801(c); *see also Owen v. State,* 902 P.2d 190, 195 (Wyo.1995). The State does not argue that the testimony was not hearsay or that it was admissible under any of the hearsay exceptions. A limiting instruction was, therefore, warranted under the provisions of W.R.E. 105.

When evidence which is admissible as to one (1) party or for one (1) purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly.

W.R.E. 105.

■ This Court has stated: "When counsel makes a request for a valid jury instruction either in the midst of trial or just prior to deliberations, it is error for the court to refuse it." *Sybert v. State,* 724 P.2d 463, 466 (Wyo.1986). *See also Goodman v. State,* 601 P.2d 178, 184 (Wyo.1979). The trial court should have given a limiting instruction to the jury at the time when Appellant requested that one be given. *See Connolly v. State,* 610 P.2d 1008, 1010 (Wyo.1980). We conclude, however, that the trial court's error was harmless in the context of this case. *See, e.g., Candelaria v. State,* 895 P.2d 434, 439–40 (Wyo.1995).

Appellant cites *Channel v. State,* 592 P.2d 1145 (Wyo.1979), as being support for his contention that a reversal is required because of the trial court's error. We do not

believe that *Channel* can be read so broadly as to require that we reverse every case in which the trial court refused to give a limiting instruction after a party had made a proper request for one to be given. The *Channel* Court quoted the mandatory language of W.R.E. 105 and stated that the trial court's failure to give the requested limiting instruction was reversible error in that case. 592 P.2d at 1150. The Court did not, however, declare that a failure to give a properly requested jury instruction is always reversible error. In fact, the Court stated that, where the State's evidence is not particularly strong as was the case under the facts presented in *Channel*, "no case for harmless error can be justified. The potential for prejudice to the defendant is particularly strong in view of the fragile quality of the State's evidence." *Id.*

We cannot perceive any reason why our established rules with regard to harmless error should not be applied in cases which involve limiting instructions. W.R.A.P. 9.04 provides: "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded by the reviewing court." *See* W.R.Cr.P. 52; *see also Candelaria*, 895 P.2d at 439–40. The error which occurred in this case was obviously harmless. The evidence which was presented to establish Appellant's guilt was overwhelming. The informant had testified in Appellant's trial before the DCI agent testified. The informant had already conveyed all the essential information to the jury which the DCI agent included in his hearsay testimony. The DCI agent's testimony about what the informant had said to him was, therefore, cumulative to the informant's previous testimony.

**B. Lesser–Included Offense Jury Instruction**

Appellant asserts that the trial court erred by failing to give an instruction which would have allowed the jury to consider whether he was guilty of the lesser-included offense of

possession of a controlled substance as defined by Wyo.Stat. § 35–7–1031(c) (1985) (amended 1995). The State argues that the evidence presented at trial did not justify the giving of such an instruction.

■ Appellant presented a request at the jury instruction conference for an instruction on the lesser-included offense of possession of cocaine.[1] The trial court refused to give Appellant's proposed instruction because it found: "[T]here's no evidence that he did anything less than deliver it."

■ In reviewing whether a trial court erred by refusing to give a lesser-included offense jury instruction, we normally begin our analysis by comparing the elements of the relevant criminal statutes. *State v. Keffer*, 860 P.2d 1118, 1133–34 (Wyo.1993). In this case, however, such a comparison is not necessary because this Court has long recognized that possession of a controlled substance is a lesser-included offense of delivery of a controlled substance. *See, e.g., Johnson v. State*, 695 P.2d 638 (Wyo.1985); *Boyd v. State*, 528 P.2d 287 (Wyo.1974), *cert. denied*, 423 U.S. 871, 96 S.Ct. 137, 46 L.Ed.2d 102 (1975); *Dycus v. State*, 529 P.2d 979 (Wyo. 1974). Therefore, we must turn to the question of whether the evidence supported the giving of an instruction on possession of cocaine. *Keffer*, 860 P.2d at 1135–36.

> [T]he giving of a lesser included offense instruction is appropriate if there are in dispute factual issues that would permit a jury rationally to find the defendant guilty of the lesser offense and acquit the defendant of the greater [offense].

860 P.2d at 1136. Only a minimal amount of evidence is necessary to support the giving of a lesser-included offense instruction. 860 P.2d at 1135.

■ We have evaluated the evidence in this case and agree with the trial court that the evidence did not support the giving of an instruction on possession of cocaine. During the September 25, 1992, transaction, Appel-

---

1. The record reveals that Appellant's proposed lesser-included offense instruction was presented to the trial court in a written form. The written instruction was not, however, included in the record on appeal to this Court. Since we can

discern the substance of the proposed instruction from the record, we will review Appellant's contention of error on appeal. *Candelaria*, 895 P.2d at 437.

lant produced the cocaine from the pockets of his pants, measured and weighed the cocaine, produced additional cocaine to demonstrate the quality of the product, and asked to use the scale to weigh out additional amounts of cocaine. During the second transaction which occurred on October 1, 1992, Appellant transferred the cocaine to the informant and accepted the $1,300 as payment.

Under the facts of this case, a jury could not rationally have acquitted Appellant of delivery of cocaine and found him guilty of possession of cocaine. The evidence overwhelmingly demonstrated that Appellant had possessed the cocaine for the purpose of delivering it to willing buyers. The trial court, therefore, did not err by refusing to give the instruction on possession of cocaine.

## CONCLUSION

We have not found any reversible error in the issues which were raised by Appellant; therefore, his convictions are

Affirmed.