Christen SEYMOUR, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 96–143.

Supreme Court of Wyoming.

Dec. 22, 1997.

Sylvia L. Hackl, State Public Defender; Donna Domonkos, Appellate Counsel; Michael Dinnerstein and Gerald M. Gallivan, Directors, Wyoming Defender Aid Program; Walter Eggers, III, Student Director; and Raymond D. Macchia, Student Intern, for Appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Kimberly A. Baker–Musick, Assistant Attorney General; Theodore E. Lauer, Director, Prosecution Assistance Program; and Lori A. McMullen, Student Intern, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN, and LEHMAN, JJ.

TAYLOR, Chief Justice.

It was appellant's misfortune to share living quarters with a drug dealer who had been targeted by Cheyenne, Wyoming police. When appellant helped out his roommate by delivering a quantity of marijuana to an undercover officer, his poor choice of a living companion was parlayed into a criminal conviction. From that conviction, appellant prosecutes this appeal, complaining he is innocent, having taken the fall for his truly culpable roommate. We affirm.

## I. ISSUES

Appellant, Christen Seymour (Seymour), raises four issues:

I. Did the court deny Appellant his fundamental constitutional right to present a defense by refusing to submit the defense to the jury and by refusing to charge a lesser-included offense?

II. Did the prosecutor deprive Appellant of his right to a fair trial by encouraging the jury to convict Appellant regardless of his actual guilt because of a greater societal problem with drugs?

III. Did the trial court deprive Appellant of his constitutional right to trial by jury in refusing to bar a prosecution witness from telling the jurors what they were hearing on a tape recording in evidence?

IV. Did the court commit reversible error under Wyoming Rule of Evidence 404(b) when it refused to exclude evidence alleging prior bad acts and crimes with which Appellant was never even charged?

Appellee, State of Wyoming, phrases the issues as follows:

I. Did the district court err in refusing appellant's proposed theory of the case instruction and appellant's proposed lesser included offense instruction?

II. Did counsel for the state improperly encourage the jury to convict appellant on grounds other than his actual guilt of the crime charged?

III. Did the district court err in permitting Detective Swezey to explain what the jury was hearing on the tape recording of the transaction in question?

IV. Did the district court improperly admit evidence of prior bad acts under Wyoming Rule of Evidence 404(b)?

## II. FACTS

Caught selling marijuana to undercover police in the winter of 1995, a third party informed police that Seymour's roommate was his source. At the behest of the authorities, the third-party informant undertook a "controlled buy." The transaction was complicated when Seymour's roommate took the third-party informant's money before driving with Seymour to another location and returning with the contraband which was then delivered to the third-party informant.

An undercover officer gained introduction to Seymour's roommate through the third-

party informant and proceeded to arrange another marijuana "buy." For that purchase, the undercover officer gave the roommate $130.00, but was asked to return the next day because the roommate's source was said to be temporarily out of stock. The following day, while the roommate was apparently indisposed, Seymour retrieved a half ounce of marijuana from a freezer in the apartment and delivered it to the undercover officer.

As luck would have it, by the time the police got around to arresting Seymour, the roommate had made good his escape. Seymour's theory of the case was that bad fortune had necessitated his move into the apartment of a dope dealer, and the dope dealer's lack of vehicle and driver's license necessitated Seymour's role as a chauffeur. At trial, however, Seymour admitted that when the undercover officer came to the fatefully-shared apartment, Seymour took a baggie of what he knew to be marijuana from the freezer and gave it to the officer.

### III. STANDARDS OF REVIEW

■ Appellate review of the evidence, following a criminal conviction, is undertaken in a light most favorable to the prosecution, indulging the state with every favorable inference fairly to be drawn from that evidence. *Curl v. State*, 898 P.2d 369, 375 (Wyo.1995). Rulings on the admissibility of evidence lie within the sound discretion of the trial court and will not be disturbed absent a clear abuse of that discretion. *Munoz v. State*, 849 P.2d 1299, 1300 (Wyo.1993). Notwithstanding the procedural reordering of our approach to prior bad acts evidence effectuated by *Gunderson v. State*, 925 P.2d 1300 (Wyo.1996) and *Vigil v. State*, 926 P.2d 351 (Wyo.1996), the abuse of discretion standard was and is our yardstick for that troublesome subspecies of evidence. *Dean v. State*, 865 P.2d 601, 606 (Wyo.1993).

■ It is cardinal with us that a prosecutor's compulsion to convict shall ever subserve his ethical and legal duty to see that justice be done. *Curl*, 898 P.2d at 376; *Roderick v. State*, 858 P.2d 538, 547 (Wyo.1993). However, when trial counsel is not sufficiently offended by prosecutorial misconduct as to

lodge a contemporaneous objection, we review the alleged overreaching according to the plain error standard. *Armstrong v. State*, 826 P.2d 1106, 1115 (Wyo.1992). Plain error will not be assigned unless: (1) the record clearly reflects the incidents urged as error; (2) appellant is able to demonstrate violation of a clear and unequivocal rule of law; and (3) it is shown that a substantial right of the appellant was materially abridged. *Guerra v. State*, 897 P.2d 447, 459 (Wyo.1995) (*quoting Lobatos v. State*, 875 P.2d 716, 721 (Wyo.1994)).

■ Finally, "[i]t is well settled that a trial court is given wide latitude in instructing the jury; and as long as the instructions correctly state the law and the entire charge to the jury adequately covers the issues, reversible error will not be found." *Baier v. State*, 891 P.2d 754, 756 (Wyo.1995) (*citing Scadden v. State*, 732 P.2d 1036, 1053 (Wyo.1987)).

### IV. DISCUSSION

In its recitation of the facts, Seymour's appellate brief picks over the district court's proceedings at great length in a futile effort to portray Seymour as an innocent, caught up in events of which he had no real (or, at least, culpable) knowledge, ergo no requisite *mens rea.* That brief neither lists nor expressly addresses the sufficiency of the evidence as an issue on appeal. However, the exhaustive statement of facts favorable to Seymour ignores the settled appellate approach to factual issues and blithely discounts Seymour's sworn admissions to the jury concerning the acts and knowledge which constitute the crime for which he stands convicted.

■ The entire tenor of Seymour's brief is that his mind was unsullied by unlawful intent at the time he delivered what he knew to be marijuana to an undercover officer. Impurity of thought, however, is not an element of the crime of *delivery* of a controlled substance, as proscribed by Wyo. Stat. § 35–7–1031(a)(i) (1995). All that is required to constitute the completed crime is knowledge that one is dealing with a controlled substance, coupled with a completed delivery of

that contraband. *Dorador v. State*, 573 P.2d 839, 843 (Wyo.1978). When Seymour admitted to the delivery, accompanied by the requisite knowledge of what was being delivered, he confessed his crime to the jury. In the face of such judicial admissions, any intrigue his case might have retained for the jury or this court became academic, and none of the errors alleged in Seymour's brief can surmount the threshold of harmlessness.

Seymour complains that W.R.E. 404(b) was violated by the admission of certain evidence. That argument ignores the *Dean*-type hearing on that evidence conducted by the district court, as well as the limiting instruction given at Seymour's request. The evidence in question was equally admissible under the prior and current standards employed by this court.

The positing of prosecutorial misconduct fails to detail how such objectionable trial tactics motivated nothing so much as an objection from the defense. Absent such a contemporaneous objection, Seymour's argument must fail on the third prong of the plain error doctrine because he demonstrates neither abridgement of a substantial right nor material prejudice.

 The undercover officer who took the delivered marijuana from Seymour wore a "wire" for the occasion, and the district court permitted the resultant tape recording of the transaction to be played for the jury. Again, appellate objections to the content of the police officer's testimony as to that tape recording blithely ignore the acquiescence of trial counsel, provided the police officer testify only as to portions of the tape already played for the jury. More to the point, the evidence afforded by that tape recording was purely cumulative of the police officer's testimony concerning the delivery for which Seymour was convicted. "Admission [of such a tape recording] is especially appropriate 'where a witness who heard the statements also testifies and the recording gives independent support to his testimony.' " *United States v. Davis*, 780 F.2d 838, 846 (10th Cir.1985) (*quoting United States v. Jones*, 540 F.2d 465, 470 (10th Cir.1976), *cert. denied*, 429 U.S. 1101, 97 S.Ct. 1125, 51 L.Ed.2d 551 (1977) and *quoted with approval*

in *United States v. Hanif*, 1 F.3d 998, 1002 (10th Cir.), *cert. denied*, 510 U.S. 1001, 114 S.Ct. 573, 126 L.Ed.2d 472 (1993)).

 Seymour protests that the district court improperly refused to instruct the jury that they might find him not guilty of delivery of a controlled substance if they believed him to be nothing more than the ignorant tool of his perfidious roommate. Were such an argument to prevail, commerce in clandestine drugs would become the norm in our society, undertaken by runners or errand boys doing the bidding of drug lords without fear of prosecution. Suffice it to say that the district court managed, nonetheless, to get the defense theory of the case to the jury in a manner which was not offensive to Wyoming statute or case law:

> The defendant contends that he did not deliver a controlled substance within the meaning of the applicable law.

From that jury instruction, Seymour's trial counsel was able to explain his theory of the case to the jury. The district court could only have instructed the jury that they might acquit Seymour were they to find that he was only doing his roommate's bidding by patently violating the rule that "instructions which do not contain a proper statement of the law are properly refused." *Chavez–Becerra v. State*, 924 P.2d 63, 67 (Wyo.1996).

 Finally, Seymour's request for a "lesser included offense" instruction concerning mere possession of a controlled substance was properly denied because there is no evidence that he did anything less than deliver it. *Nava v. State*, 904 P.2d 364, 367 (Wyo. 1995).

## V. CONCLUSION

The evidence of Seymour's guilt was overwhelming even before his decision to take the stand and admit to delivery of marijuana. Seymour's conviction is affirmed.