Juan Chacon GALLEGOS, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 97–100.

Supreme Court of Wyoming.

Aug. 19, 1998.

Sylvia L. Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel; and Diane M. Lozano, Assistant Appellate Counsel, for Appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Barbara L. Boyer, Senior Assistant Attorney General, for Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

TAYLOR, Justice.

Appellant seeks to overturn his conviction for delivery of a controlled substance by claiming Wyo. Stat. § 35–7–1002 (1997) and Wyo. Stat. § 35–7–1031 (Cum.Supp.1995) are

* Chief Justice at time of conference.

unconstitutionally vague when applied to his conduct. Finding no merit to this claim, we affirm.

## I. ISSUES

Appellant, Juan Chacon Gallegos (Gallegos), presents only one issue:

> Whether Wyo. Statutes § 35–7–1002 and § 35–7–1031 are unconstitutionally vague as applied to the appellant's conduct.

Appellee, the State of Wyoming, answers this question in its statement of the issue:

> I. The Wyoming statute regarding the definition of delivery of a controlled substance is not unconstitutionally vague as applied to appellant's conduct.

## II. FACTS

A drug transaction occurred in a Casper, Wyoming bar between Gallegos' companion, Benjamin Nunez (Nunez), and James Pearson (Pearson), an informant for the Wyoming Department of Criminal Investigation (DCI). Since Nunez did not have the purchased amount of cocaine with him in the bar, Gallegos, Pearson, and Nunez went to the parking lot where Nunez procured the cocaine from his vehicle and handed it to Gallegos. Gallegos took the cocaine to Pearson's vehicle and handed it to Pearson. Gallegos was charged with delivery of a controlled substance in violation of Wyo. Stat. § 35–7–1031.

At trial, Pearson identified Gallegos as the individual who handed him the cocaine. DCI agent Chris Peters testified that he interviewed Gallegos incident to his arrest. That interview included an admission by Gallegos that he had given the cocaine to Pearson at the request of Nunez. The jury found Gallegos guilty of delivering a controlled substance, and he appeals.

## III. STANDARD OF REVIEW

■ Constitutional due process prohibits our legislature from promulgating vague or uncertain statutes. *State v. Sodergren,* 686 P.2d 521, 527 (Wyo.1984). A strong presumption of constitutionality favors statutory enactments, with all reasonable doubt resolved in favor of their validity. *Scadden v.*

*State,* 732 P.2d 1036, 1039 (Wyo.1987) (*quoting Keser v. State,* 706 P.2d 263, 266 (Wyo. 1985)). An appellant challenging a statute must make his case clearly and beyond a reasonable doubt. *Carfield v. State,* 649 P.2d 865, 870 (Wyo.1982). *See also Moore v. State,* 912 P.2d 1113, 1114 (Wyo.1996).

■ Gallegos argues that the statutes of which he complains are vague as applied to his conduct. When deciding whether a statute is unconstitutionally vague as it is applied to a defendant's conduct, we determine whether the statute provides sufficient notice to a person of ordinary intelligence that defendant's conduct was illegal, and whether the facts of the case demonstrate arbitrary and discriminatory enforcement. *Griego v. State,* 761 P.2d 973, 976 (Wyo.1988). This evaluation requires us to consider the statutory language together with any prior decisions which have construed the statute or have applied it to specific situations. *Lovato v. State,* 901 P.2d 408, 412 (Wyo.1995).

## IV. DISCUSSION

■ Pursuant to Wyo. Stat. § 35–7–1031(a):

> [I]t is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance.

Wyo. Stat. § 35–7–1002(a)(vi) defines "deliver:"

> "Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship[.]

■ Gallegos' sole argument is that these statutes would not notify a person of ordinary intelligence that he was committing the crime of delivery of a controlled substance by merely handing cocaine to another at the request of a friend. Gallegos believes his conduct was too minimal to be illegal. He thinks the law should require something more, some act which indicates an intent to violate the law, such as taking part in the drug transaction or having some influence in orchestrating the actual delivery. Gallegos

argues that "constructive delivery" is not enough. He is, quite simply, wrong.

> Impurity of thought, however, is not an element of the crime of *delivery* of a controlled substance, as proscribed by Wyo. Stat. § 35–7–1031(a)(i) (1995). All that is required to constitute the completed crime is knowledge that one is dealing with a controlled substance, coupled with a completed delivery of that contraband.

*Seymour v. State,* 949 P.2d 881, 883–84 (Wyo. 1997) (*citing Dorador v. State,* 573 P.2d 839, 843 (Wyo.1978)) (emphasis in original).

The record contains ample evidence that Gallegos knew he was handing Pearson cocaine, and that he knew cocaine was a controlled substance. The plain language of the statutes, along with our prior decisions, make it clear that this conduct is illegal. These statutes are not vague or uncertain, and Gallegos does not argue that they were discriminatorily applied. He was properly convicted of a crime he admittedly committed.

## V. CONCLUSION

Wyo. Stat. §§ 35–7–1002 and 35–7–1031 provide ample notice to a person of ordinary intelligence that Gallegos' conduct was illegal. These statutes are not unconstitutionally vague as applied to Gallegos. Accordingly, his conviction is affirmed.