2003 WY 53

**Darin Dewayne THOMAS, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 02–95.**

Supreme Court of Wyoming.

April 30, 2003.

---

Representing Appellant: Kenneth Koski, State Public Defender; Donna D. Domonkos, Appellate Counsel; Ryan R. Roden, Senior Assistant Appellate Counsel; Diane E. Courselle, Faculty Director, Defender Aid Program; Jason M. Tangeman, Interim Program Director; Lindsay Hoyt, Student Director; and Allison F. Johnston and Anna M. Reeves, Student Interns. Argument by Ms. Reeves.

Representing Appellee: Hoke MacMillan, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Kimberly A. Baker, Senior Assistant Attorney General. Argument by Ms. Baker.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

LEHMAN, Justice.

[¶ 1] Darin Dewayne Thomas (Thomas) appeals the judgment and sentence imposed

upon his conviction of one count of possession with the intent to deliver cocaine, in violation of Wyo. Stat. Ann. §§ 35–7–1031(a)(i) and 35–7–1016(b)(iv) (LexisNexis 2001).[1] Thomas claims, among other things, that the court erred in failing to give a lesser-included offense instruction on possession of a controlled substance. Finding such error, we reverse.

### ISSUES

[¶ 2] Thomas presents three issues for our consideration:

I. Whether the trial court committed reversible error when it refused to instruct the jury on the lesser-included offense of felony possession of a controlled substance pursuant to W.S. § 35–7–1031(c)(iii).

II. Whether the trial court committed plain error and denied Mr. Darin Thomas of his constitutional right to a fair trial by failing to exclude evidence contrary to the holding in *Bennett v. State*, 794 P.2d 879 (Wyo.1990).

III. Whether the trial court denied Mr. Darin Thomas his constitutional right to procedural due process when it conducted W.R.E. 404(b) hearing in his absence, in violation of W.R.Cr.P. 43(a) and W.S. § 7–11–202.

### FACTS

[¶ 3] Officers from the Cheyenne Police Department became aware that Thomas had two outstanding warrants based on parole violations. Lieutenant Robert Korber (Korber) knew Thomas and learned where Thomas' girlfriend, Kathy Curtis (Curtis), lived. On January 5, 2001, intending to arrest Thomas pursuant to the outstanding warrants, Korber went to the Curtis residence. When Korber arrived at the residence, he saw the Firebird car he believed Thomas to be using parked in front of the residence.

[¶ 4] Korber and two other police officers approached the residence and encountered Curtis taking down her Christmas decorations. Upon contact with Curtis, the officers explained their reason for being there. Curtis informed the officers that Thomas was not at the residence, but Thomas had borrowed her car and would be back shortly. The other officers left the residence, but Korber waited for Thomas to return. Approximately three hours later, Thomas did return, at which time Korber radioed for backup and proceeded outside to arrest Thomas.

[¶ 5] Korber approached Thomas announcing that Thomas was under arrest and demanding that Thomas get out of the car and place the keys on top of the vehicle. Thomas exited the vehicle and placed the keys on the car but then turned to run. Thomas only made it a short distance before he was stopped. In that short distance, however, Korber witnessed Thomas drop two plastic bags out of his jacket pocket. Thomas was then handcuffed and Korber retrieved the bags.

[¶ 6] The bags Thomas dropped were found to contain marijuana and cocaine. The cocaine was packaged in fifteen separate bindles. When Thomas was patted down, empty plastic bags, smoking papers, and $467 were found. Three other officers arrived on the scene after Thomas had been handcuffed. The officers searched both Curtis' car and the Firebird. They found no drugs or drug paraphernalia in Curtis' car. They found a small set of scales in the Firebird. The officers eventually learned that the Firebird was registered to Thomas' brother, Alvin Thomas.

[¶ 7] Thomas was charged with one count of possession with intent to manufacture or deliver a controlled substance pursuant to Wyo. Stat. Ann. § 35–7–1031(a)(i) and 35–7–1016(b)(iv) (LexisNexis 2001). The total weight of the cocaine without packaging was 7.71 grams. Thomas' first trial commenced on May 7, 2001, but was declared a mistrial because Thomas was brought before the jury in his prison uniform and shackles. The second trial began on June 4, 2001. The testimony presented included statements about the packaging and quantities used in

---

1. Although the information and the appellant cite the 1997 edition of this statute, there is no difference between that edition and the current edition; and we will therefore cite to the 2001 edition of this statute.

drug culture. Police officers testified that the quantities possessed by Thomas were typically held by someone who intended to sell. Alvin Thomas and Curtis testified for the defense. Alvin Thomas testified that the Firebird and the scale found therein belonged to him. He further testified that he used the scale for automotive repair and that he had loaned his brother $480 prior to the arrest. Curtis testified that she had never seen Thomas use or sell drugs.

[¶ 8] During the course of the proceedings, both the State and Thomas at some point requested an instruction on the lesser-included offense of felony possession. However, no instruction on the lesser-included offense was ever given. On June 5, 2001, the jury found Thomas guilty of possession with the intent to deliver cocaine. Thomas was sentenced to a period of not less than four nor more than twelve years in the Wyoming State Penitentiary. This appeal followed.

### STANDARD OF REVIEW

[¶ 9] "Where proper objection is made on the record, a district court's failure to give a lesser-included offense instruction is subject to a de novo standard of review." *Houghton v. State*, 6 P.3d 643, 646 (Wyo. 2000) (citing *Paramo v. State*, 896 P.2d 1342, 1344 (Wyo.1995)).

### DISCUSSION

[¶ 10] We have recognized that we employ the statutory elements test to determine whether a lesser-included offense instruction should be given. Under this test a lesser-included offense instruction is appropriate if all the elements of the lesser offense are also elements of the greater offense, and some evidence has been presented that would rationally permit a jury to find the accused guilty of the lesser offense and not guilty of the greater offense. *Houghton v. State*, 6 P.3d at 646 (citing *State v. Keffer*, 860 P.2d 1118, 1134 and 1136 (Wyo.1993)). We have also said, "[w]here the proposed lesser included offense requires proof of an element not required for the greater offense, no instruction need be given." *Chapman v. State*, 2001 WY 25, ¶ 29, 18 P.3d 1164, ¶ 29 (Wyo.

2001) (citing *Keffer* at 1134; *Jackson v. State*, 891 P.2d 70, 74 (Wyo.1995)).

[¶ 11] We recently explained that the statutory elements test is more fully expressed as a five-step analytic process. *Mueller v. State*, 2001 WY 134, ¶ 9, 36 P.3d 1151, ¶ 9 (Wyo.2001). The five steps are:

1) a proper request for the instruction is made; 2) the elements of the lesser-included offense are identical to part of the elements of the greater offense; 3) there is some evidence that would justify conviction of the lesser-included offense; 4) the proof on the element or elements differentiating the two crimes is sufficiently in dispute that the jury may consistently find the defendant innocent of the greater and guilty of the lesser-included offense; and 5) mutuality exists such that the lesser-included charge can be demanded by either the prosecution or the defense.

Applying this five-step analytical process to this case, we determine that it was error to refuse to give a lesser-included offense instruction on felony possession of a controlled substance.

[¶ 12] First, a proper request for the instruction was made. The record indicates that the appropriateness of a lesser-included offense instruction was discussed at least three times by the trial court and counsel. During the W.R.E. 404(b) hearing, the State requested an instruction on the lesser-included charge of felony possession of a controlled substance at which time a discussion about the appropriateness of such an instruction was held. Immediately prior to the beginning of the first trial, which resulted in a mistrial, the court and counsel again discussed the lesser-included offense instruction. Following the close of evidence at the second trial, the trial court conducted a formal jury instruction conference. At this conference, defense counsel requested lesser-included offense instructions for both misdemeanor possession and felony possession of a controlled substance. The trial court denied the requests.

[¶ 13] The State, citing *Pearson v.*

*State*, 12 P.3d 686, 688 (Wyo.2000),[2] claims that the party requesting the lesser-included offense instruction must present an instruction in writing to preserve the argument for appeal. We agree that the language cited by the State does appear in the *Pearson* case. However, we also recognize that the trial court always has the duty to properly instruct the jury concerning the applicable law. In fact, a trial court may, and sometimes should, give an instruction without a request from either party. *Mueller,* ¶ 9. "The failure to give a lesser-included offense instruction when such an offense exists and the evidence presented would support conviction of that offense constitutes reversible error." *Houghton,* at 646 (citing *Paramo,* 896 P.2d at 1344).

[¶ 14] Furthermore, when looking at the full text surrounding the language from *Keffer* quoted in the *Pearson* case we see

an objection must be imposed "to give the trial court an opportunity to correct possible error in instructions before the jury retires." *Muniz v. State,* 783 P.2d [141] at 14[2] [ (Wyo.1989) ]; *Morris v. State,* 644 P.2d 170 (Wyo.1982). In the absence of an objection to preserve the error, review will be limited to the noticing of any plain error. *Derksen [v. State ]*, 845 P.2d 1383 [ (Wyo.1993) ]; *Craney [v. State ]*, 798 P.2d 1202 [ (Wyo.1990) ]; *Muniz,* 783 P.2d 141.

The objection by a party requesting a lesser included offense instruction, however, is preserved when the instruction is refused, but was presented in writing with appropriate argument to inform the trial court of the nature and grounds for the instruction on the lesser included offense. *Keller [v. State ]*, 771 P.2d 379 [ (Wyo. 1989) ]; accord *Muniz,* 783 P.2d at 142 (citing rule that: "When refusal of an instruction is claimed to be in error, the record must contain a clear statement sufficient to inform the trial court of the basis of the asserted error.") This rule may

obviate the necessity of saying, "I object" after the court's ruling, but any uncertainty is avoided by simply voicing the objection.

*Keffer,* 860 P.2d at 1137 (some citations omitted). As the full language shows, the true concern is whether the lower court was put on notice that a lesser-included offense instruction was being requested and was given the opportunity to correct any possible error.

[¶ 15] The best course of action would be the presentation of a written instruction. However, barring a party from arguing the issue on appeal because he presented no written instruction when the issue was discussed three times would certainly elevate form over substance. The trial court was clearly on notice that a lesser-included offense instruction was being requested. The requested instruction was not a complicated or unknown instruction. The form of a possession instruction is well known and could easily be drawn from the pattern instructions. The record also shows that the trial court did not refuse to give the requested instruction because no written instruction was offered. Instead, it appears from the discussions with counsel that the trial court refused to give the instruction because it believed the form of the statute involved prevented such an instruction. Presenting the instruction in writing may have been an exercise in futility. Therefore, we find that a proper request was made, and the first step of the *Mueller* analytical process has been met.

[¶ 16] Second, the elements of the lesser-included offense are identical to part of the elements of the greater offense. Federal courts have long held that possession of a controlled substance is a lesser-included offense of possession with the intent to distribute a controlled substance. *See United States v. Lacey,* 86 F.3d 956, 970 (10th Cir. 1996) (stating "it is well-settled that the offense of possession with intent to distribute consists of all the elements of simple posses-

---

**2.** The State quotes the following language from *Pearson,* 12 P.3d at 688 (quoting *State v. Keffer,* 860 P.2d at 1137):

It is essential to the preservation for appeal of the refusal of a proposed instruction on a less-

er included offense that the party present the instruction "in writing with appropriate argument to inform the trial court of the nature and grounds for the instruction on the lesser included offense."

sion"); *United States v. Burns*, 624 F.2d 95, 104 (10th Cir.1980); *United States v. Brischetto*, 538 F.2d 208, 209–10 (8th Cir.1976).

[¶ 17] Common sense indicates that possession of a controlled substance is a lesser-included offense of possession with the intent to deliver a controlled substance under the Wyoming statutory scheme as well. In fact, the State seems to concede that it is "although the State could find no case directly on point." The State is correct in asserting that this court has never specifically addressed whether possession of a controlled substance is a lesser-included offense of possession with the intent to deliver a controlled substance. We will do so now. In making this determination we cannot merely assume that possession of a controlled substance is a lesser-included offense, instead we must consider the elements of each offense. Both offenses can be found in Wyo. Stat. Ann. § 35–7–1031.[3] Subsection (a) forbids the manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance. Subsection (c) makes it unlawful for a person to knowingly or intentionally possess a controlled substance.

[¶ 18] We have on several occasions discussed the elements of each offense. To be convicted of possession with the intent to deliver a controlled substance under Wyo. Stat. Ann. § 35–7–1031, the State must present sufficient evidence that 1) the defendant possessed 2) with the intent to deliver, 3) a controlled substance. *Urrutia v. State*, 924 P.2d 965, 967 (Wyo.1996) (citing *Wise v. State*, 654 P.2d 116, 118 (Wyo.1982)). The elements of the lesser offense of possession are: the defendant 1) either individually or jointly with another exercised dominion and control over the substance; 2) had knowledge of its presence; and 3) had knowledge the substance was a controlled substance. *Lee v. State*, 2003 WY 8, ¶ 10, 61 P.3d 1225, ¶ 10 (Wyo.2003) (quoting *Houghton*, 6 P.3d at 647). The possession element in the greater offense requires the same proof as in the lesser offense. *Urrutia v. State*, 924 P.2d at 967.

[¶ 19] The Nebraska Supreme Court offers the following explanation on a similar statutory scheme:

[T]he offenses of possession of different types of controlled substances are stated separately in subsections in order to assign each such possession of a controlled substance offense to a different class of crime depending on the type and/or weight of the controlled substance. Therefore, one can [possess with the intent to deliver] a "controlled substance" by possessing one of a variety of "controlled substances." One cannot, however, commit the greater crime of [possession with the intent to deliver] a controlled substance without committing the lesser offense of possession of a con-

---

**3.** The relevant portions of Wyo. Stat. Ann. 35–7–1031 read:

(a) Except as authorized by this act, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance. Any person who violates this subsection with respect to:

(i) Methamphetamine or a controlled substance classified in Schedule I or II which is a narcotic drug, is guilty of a crime and upon conviction may be imprisoned for not more than twenty (20) years, or fined not more than twenty-five thousand dollars ($25,000.00), or both;

. . .

(c) It is unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from, or pursuant to a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this act. Any person who violates this subsection:

(i) And has in his possession a controlled substance in the amount set forth in this paragraph is guilty of a misdemeanor punishable by imprisonment for not more than twelve (12) months, a fine of not more than one thousand dollars ($1,000.00), or both. . . . For purposes of this paragraph, the amounts of a controlled substance are as follows:

. . .

(C) For a controlled substance in powder or crystalline form, no more than three (3) grams;

. . .

(iii) And has in his possession any other controlled substance classified in Schedule I, II or III in an amount greater than set forth in paragraph (c)(i) of this section, is guilty of a felony punishable by imprisonment for not more than five (5) years, a fine of not more than ten thousand dollars ($10,000.00), or both[.]

trolled substance, notwithstanding the fact that there are several forms of illegal possession.

*State v. Johnson,* 261 Neb. 1001, 627 N.W.2d 753, 760 (2001). We agree with this rational explanation and conclude the crime of possession of a controlled substance is a lesser-included offense of possession with the intent to deliver such controlled substance.

[¶ 20] This issue is slightly complicated by the fact that there are two forms of the crime of possession, i.e., misdemeanor possession and felony possession. As can be seen by the statutory language quoted above, a defendant can be convicted of felony possession only when the amount possessed is greater than the amount listed for misdemeanor possession. However, the fact that felony possession requires some showing of the amount to properly classify the crime does not preclude a lesser-included offense instruction. This is due to the fact that a person is guilty of the crime of possession of a controlled substance regardless of the amount of the controlled substance that he possessed. *See State v. Malone,* 4 Neb.App. 904, 552 N.W.2d 772 (1996). The weight or amount of the substance possessed determines only the grade and punishment imposed, and we find the penalty to be irrelevant in determining whether a lesser-included offense instruction is warranted.[4]

[¶ 21] We have "long recognized that possession of a controlled substance is a lesser-included offense of delivery of a controlled substance." *Nava v. State,* 904 P.2d 364, 367 (Wyo.1995) (citing *Johnson v. State,* 695 P.2d 638 (Wyo.1985); *Boyd v. State,* 528 P.2d 287 (Wyo.1974); *Dycus v. State,* 529 P.2d 979 (Wyo.1974)). The offense of delivery of a controlled substance comes from the exact same statute as possession with the intent to deliver. Delivery of a controlled substance does not require proof of the amount possessed; yet, we have held that possession of a controlled substance is a lesser-included offense of delivery. It would make little, if any, sense to decide that possession of a

controlled substance is a lesser-included offense of delivery but not of possession with the intent to deliver a controlled substance.

[¶ 22] Moreover, as we discussed in *Keffer* there are three constitutional mandates that must be considered when examining lesser-included offense situations. *Keffer,* 860 P.2d at 1129. Double jeopardy, notice, and due process must be accommodated when considering a lesser-included offense instruction. The *Keffer* opinion presented an in-depth analysis of each of theses three constitutional constraints that we will not repeat here. However, we do believe it is worth mentioning a few points related to these constitutional constraints.

[¶ 23] We think recognizing that possession of a controlled substance is a lesser-included offense of possession with the intent to deliver best satisfies double jeopardy. An acquittal on a possession with the intent to deliver charge should certainly prevent a later charge of possession resulting from the same incident. This double jeopardy bar indicates that a lesser-included offense is involved.

[¶ 24] Furthermore, the defendant is always entitled to an instruction giving his theory of defense if supported by the evidence. *Warren v. State,* 835 P.2d 304, 309 (Wyo.1992) (citing *Amin v. State,* 811 P.2d 255 (Wyo.1991); *McInturff v. State,* 808 P.2d 190 (Wyo.1991); *Oien v. State,* 797 P.2d 544 (Wyo.1990)). The defendant receives due process by this procedural safeguard. *Keffer,* 860 P.2d at 1132 ("Where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of some offense, the jury is likely to resolve its doubts in favor of conviction.") (quoting *Keeble v. United States,* 412 U.S. 205, 212–13, 93 S.Ct. 1993, 1998, 36 L.Ed.2d 844 (1973)). Therefore, due process is best satisfied by the recognition of a lesser-included offense in this type of situation.

*New Jersey,* 530 U.S. 466, 476–86, 120 S.Ct. 2348, 2355–2360, 147 L.Ed.2d 435 (2000); *Joyner v. State,* 2002 WY 174 ¶ 19, n. 5, 58 P.3d 331, ¶ 19, n. 5 (Wyo.2002) (citing *Apprendi* ).

---

4. To avoid confusion, we seek to clarify that for a felony possession conviction the jury must be presented with proof beyond a reasonable doubt that the amount of the controlled substance possessed was a felony amount. *See Apprendi v.*

[¶ 25] A defendant must receive notice of the charges for which he must make his defense. *Keffer,* 860 P.2d at 1132. This means that a defendant must have notice that he may be convicted of either charge. Because the elements of possession are the same as some of the elements of possession with the intent to deliver, defendants are on notice that they may be called to defend the lesser-included charge. *Keffer,* at 1132–33. As such, the constitutional mandate of notice is not offended by finding possession to be a lesser-included offense of possession with the intent to deliver. Therefore, we find the second step of the *Mueller* analysis met.

[¶ 26] Third, there is some evidence that would justify conviction of the lesser-included offense. The State, having essentially conceded that possession is a lesser-included offense of possession with the intent to deliver, focuses its argument on this factor. The State stresses that the cocaine's packaging, the defendant's possession of more plastic bags, the money possessed by the defendant, the rolling papers, and the scales all indicate that the substance was possessed with the intent to deliver. While these are indeed all factors in favor of the State's argument, we have said that "[i]n considering this question, we are bound by the rule that only a minimal amount of evidence is necessary to support the giving of a lesser-included offense instruction." *Houghton,* 6 P.3d at 647 (citing *Nava v. State,* 904 P.2d at 367).

[¶ 27] Thomas argues that the evidence showed that the scale was found in his brother's car, Thomas was not driving the Firebird when arrested, and Alvin Thomas testified that the scale belonged to him. Alvin Thomas further testified that the money Thomas possessed was a loan from him. Curtis testified that she never saw Thomas using or selling cocaine. Thomas also claims that the amount possessed could have been for personal use and that the fingerprints on the packaging did not belong to him. When making a determination on this issue, the "[e]vidence is to be viewed in a light favorable to the accused and taken as true to determine if evidence is competent." *Chavez–Becerra v. State,* 924 P.2d 63, 67 (Wyo. 1996) (citing *Stagner v. State,* 842 P.2d 520,

522 (Wyo.1992)). Absent some clear statement of intent, intent is inferred from the circumstances surrounding the defendant's possession. In this case, Thomas' intent had to be inferred from all the evidence surrounding his arrest. Several circumstances can infer intent including there was an attempt to deliver, the amount possessed was consistent with delivery, other paraphernalia consistent with delivery was found, and the controlled substance was in a form consistent with delivery. The evidence cited by Thomas would, if believed, negate the inference of intent to sell. We, therefore, find that the third step in the analysis is met.

[¶ 28] Fourth, the proof on the element or elements differentiating the two is sufficiently in dispute that the jury may consistently find the defendant innocent of the greater and guilty of the lesser-included offense. The defendant's intent when possessing a controlled substance is the element that differentiates between the two crimes. The State went to great lengths to show that Thomas' possession was indicative of dealing. Although Thomas to some extent disputed that the drugs belonged to him at all, his intent seemed to be the main dispute. The fourth step of the analysis is met.

[¶ 29] Fifth, there is mutuality. Both parties at some point requested the instruction, as they both had a right to do. The fifth and final step in the analysis is met. Therefore, we hold that the trial court erred in failing to give a lesser-included offense instruction, and we reverse and remand the matter to the district court for a new trial or other appropriate proceedings.

[¶ 30] Given that our resolution of the first issue is dispositive, we will not address the remaining two issues. However, because another trial may take place with the same witnesses, we would remind all involved that opinion testimony concerning a defendant's guilt is impermissible. *Bennett v. State,* 794 P.2d 879, 882 (Wyo.1990). Of course, as part of proving the defendant's intent to deliver, testimony may be admitted to show the typical practices of drug dealers and users. *United States v. Griffith,* 118 F.3d 318, 321 (5th Cir.1997). Caution, however, is required to ensure that the testimony does not ex-

press an actual conclusion about the guilt or innocence of the accused. *Saldana v. State,* 846 P.2d 604, 616 (Wyo.1993). The jury, not the witnesses, has the duty of resolving such factual issues and reaching the actual conclusion about guilt or innocence.

### CONCLUSION

[¶ 31] Finding that the trial court erred in failing to give a lesser-included offense instruction, we reverse and remand this matter to the district court.